OPINION OF THE COURT
Memorandum.
Order insofar as appealed from reversed without costs, landlord’s motion for summary judgment granted and tenant’s cross motion for summary judgment denied.
In this holdover summary proceeding, the court below erred in holding that two satellite dishes installed by mounting the dishes upon boards projecting from tenant’s windows were within the protection of Telecommunications Act of 1996 § 207 (Pub L 104-104, 110 US Stat 56) and its implementing regulations, as pertinent herein, extending section 207’s protections to certain tenants of rental properties (In the Matter of Implementation of Section 207 of the Telecommunications Act of 1996— Restrictions on Over-the-Air Reception Devices: Television Broadcast, Multichannel Multipoint Distribution and Direct Broadcast Satellite Services, 13 FCCR 23874 [1998] [hereinafter the Second OTARD Order]). The Second OTARD Order permits tenants, with some restrictions not at issue here, to install reception devices, including satellite dishes, “wherever they rent space outside of a building, such as balcony railings, patios, yards, gardens or any other similar area” (id.; see also Building Owners & Mgrs. Assn. Intl. v Federal Communications Commn., 254 F3d 89, 93 [DC Cir 2001]).
The clear implication of this wording is that the device in question will be physically located within outdoor space demised to tenant; even the existence of a “balcony railing” to which a device may be attached presupposes an actual balcony, as opposed to empty air space, over which the device can be located. The satellite dishes at issue in the present proceeding are affixed to the ends of boards which themselves protrude between one and two feet into the air space outside tenant’s windows. This is an area that is clearly not physically within the demised premises and thus is not within the ambit of the Second OTARD Order as a matter of law (see e.g. Urban Horizons Tax Credit Fund v Zarick, 195 Misc 2d 779 [Civ Ct, Bronx County 2003]; *75 2682 Kingsbridge Assoc. v Martinez, NYLJ, Jan. 22, 2003, at 20, col 6 [Civ Ct, Bronx County] [finding window guards, to which boards with antennas attached were affixed, were not within the demised premises]). Therefore, the lease, and in particular its provision that “No awnings, or other projections shall be attached to the outside walls of the building, or to the balconies or terraces and no blinds, shades, or guards, shall be attached to or hung in, or used in connection with any window or door of the demised premises, without the prior written consent of Owner,” the sole provision cited in the predicate notice to this summary proceeding, governs the permissibility of tenant’s satellite dish installation for purposes of this proceeding.
A fair and reasonable interpretation of this provision (see 22 NY Jur 2d, Contracts § 222; see also Farrell Lines v City of New York, 30 NY2d 76, 82 [1972]) bars tenant installations such as the satellite dishes at issue here, which clearly fall into the category of “other projections.” Inasmuch as the boards to which the dishes were attached were themselves affixed to or secured by the windows, the projection of the dishes violates the lease provision cited in the petition. It is undisputed that tenant did not obtain the required written permission for the installation. Therefore, landlord’s summary judgment motion should have been granted.